moved to serve a notice of claim. Where discovery of the facts underlying the claim is delayed due to no fault of the claimant, the delay in serving a notice of claim has been held to be justified (see, e.g., *Matter of Alessi v County of Nassau*, 85 AD2d 725; *Matter of Castano v New York City Health & Hosps. Corp.*, 83 AD2d 836; *Matter of Wemett v County of Onondaga*, 64 AD2d 1025). Defendants do not allege prejudice due to the delay. Although it does not appear that the public corporation had actual knowledge of the essential facts until the application to serve the notice of claim there is no claim that the delay left defendants unable to prepare a defense (cf. *Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 266) and claimant by prompt service of the application gave the county actual knowledge of the incident within a reasonable time (see *Segreto v Town of Oyster Bay*, 66 AD2d 796). Under all of the circumstances, particularly the valid excuse for the delay and the lack of prejudice to the defendants, the application should have been granted. It appears that Special Term in denying the application relied primarily on its assessment of the merits of the proposed lawsuit. This was improper; a showing that the proposed action is meritorious is not required under subdivision 5 of section 50-e of the General Municipal Law. We find no merit to defendant's argument that the appeal is now moot because the substantive action, when and if commenced, would be barred by plaintiff's failure to serve the summons and complaint prior to the expiration of the one-year and 90-day period for commencing the action (General Municipal Law, § 50-i). The effect of the claimed expiration of the limitations period in the anticipated lawsuit is not relevant to the question before us, viz., whether leave to serve the late notice of claim (which was timely requested) was properly denied. (Appeal from order of Supreme Court, Monroe County, Mastrella, J. — late notice of claim.) Present — Hancock, Jr., J. P., Doerr, Denman, Moule and Schnepp, JJ.

■ RICHARD ELLIS, JR., Appellant, v ALLSTATE INSURANCE COMPANY et al., Respondents. — Judgment unanimously reversed, on the law, with costs, and new trial granted. Memorandum: The hearsay statement of Chedorloamer Sotero was not admissible as an admission against interest, because it was not established that the declarant was unavailable or that when the declarant made the statement he knew it was against his interest (*People v Maerling*, 46 NY2d 289, 298). While the statement would be admissible as an admission by a party if offered against Sotero (*Gangi v Fradus*, 227 NY 452; *Reed v McCord*, 160 NY 330, 341; *Rosario v New York City Tr. Auth.*, 73 AD2d 912), the statement was not admissible against a coparty (4 Wigmore, Evidence [3d ed], § 1076; Richardson, Evidence [10th ed], § 232). Thus, defendant Allstate could not offer Sotero's hearsay statement as evidence against Ellis. We note that this hearsay statement was virtually the only evidence supporting Allstate's position that the firing of the BB gun was intentional rather than accidental. Therefore, there must be a new trial. (Appeal from judgment of Supreme Court, Erie County, Sedita, J. — declaratory judgment). Present — Hancock, Jr., J. P., Doerr, Denman, Moule and Schnepp, JJ.

■ WESTERN REGIONAL OFF-TRACK BETTING CORPORATION, Appellant, v SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 222, AFL-CIO, Respondent. (Appeal No. 1.) — Appeal unanimously dismissed as moot. (Appeal from order of Supreme Court, Erie County, Gossell, J. — stay arbitration.) Present — Hancock, Jr., J. P., Doerr, Denman, Moule and Schnepp, JJ. ·

■ WESTERN REGIONAL OFF-TRACK BETTING CORPORATION, Appellant, v SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 222, AFL-CIO, Respondent. (Appeal No. 2.) — Order unanimously affirmed, with costs. Memorandum: Service Employees International Union by instituting an action for injunctive