■ RAYMOND MAJCHRZAK et al., Respondents, v HEIL COMPANY, Appellant and Third-Party Plaintiff-Appellant-Respondent. CITY OF BUFFALO, Third-Party Defendant-Appellant. — Judgment unanimously affirmed, with costs. Memorandum: Plaintiffs have recovered a verdict in a products liability case involving an allegedly defective design in a trash compactor. We reject defendants' contention that plaintiffs failed to establish a prima facie case under recent case law pertaining to design defects (see *Voss v Black & Decker Mfg. Co.*, 59 NY2d 102; *Opera v Hyva, Inc.*, 86 AD2d 373; *Rainbow v Elia Bldg. Co.*, 79 AD2d 287, affd 56 NY2d 550). The evidence of the postaccident design modification was properly received on the issues of feasibility and availability of the modification as of the date of manufacture (see *Bolm v Triumph Corp.*, 71 AD2d 429, mot for lv to app dsmd 50 NY2d 801). We have considered defendants' other arguments and find no basis for reversal. (Appeal from judgment of Supreme Court, Erie County, Morton, J. — negligence.) Present — Hancock, Jr., J. P., Callahan, Boomer, Green and Schnepp, JJ.

■ FLOYD M. STEVENS et al., Appellants, v EARL PARKER et al., Respondents. (Appeal No. 1.) — Order reversed, with costs, and motion denied. Memorandum: Plaintiff has sued defendant Hobson for personal injuries arising out of an automobile accident in which it is claimed the defendant driver Parker was on Hobson's business when the accident happened. Special Term has granted summary judgment and dismissed the complaint against Hobson finding that, as a matter of law, a "master-servant relationship did not exist." This was error. The rule is that issue finding, not issue determination, is the focus of the court's concern when reviewing a motion for summary judgment (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404). Defendant Parker's statement of April 20, 1978 raised triable issues of fact. All concur, except Boomer and Schnepp, JJ., who dissent and vote to affirm, in the following memorandum.

Boomer and Schnepp, JJ. (dissenting). In support of his motion for summary judgment, defendant Hobson submitted competent evidence that defendant Parker was not engaged in Hobson's business at the time of the automobile accident. It was mandatory, therefore, that plaintiff submit competent evidence on this question demonstrating a triable issue of fact (see *Zuckerman v City of New York*, 49 NY2d 557; *Indig v Finkelstein*, 23 NY2d 728). We cannot agree that the unsworn statement made by Parker raised a triable issue of fact sufficient to defeat Hobson's motion for summary judgment. This statement was not competent evidence as an admission, since an admission by one defendant is not receivable against a codefendant (Richardson, Evidence [10th ed], § 232) and an admission by a servant is not receivable against his master unless it is within the scope of the servant's authority to make the admission (Richardson, Evidence [10th ed], § 253). Clearly, Parker had no such authority. Although Parker's unsworn statement was properly received at the examination before trial as a prior inconsistent statement, it had no probative value on the issue in question. It is established that a prior inconsistent statement "is not received for its truth" (Richardson, Evidence [10th ed], § 501, p 487). Absent Parker's statement, the record contains no fact indicating that, at the time the accident occurred, Parker was engaged in Hobson's business. Special Term, therefore, properly granted defendant Hobson's motion for summary judgment. (Appeal from order of Supreme Court, Cattaraugus County, Adams, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Boomer, Green and Schnepp, JJ.