■ In the Matter of ARBOR OAKS CIVIC ASSOCIATION OF DIX HILL, INC., Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Huntington, dated December 15, 1983, as amended January 12, 1984, granting the application of respondent Elwood-Huntington Realty Corp. for a special use permit and variances to erect a nursing home on the subject premises, the petitioner civic association appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered November 30, 1984, which denied the petition.

Judgment affirmed, without costs or disbursements.

In the light of the prior history of this property, prior reviews and decisions by the Zoning Board of Appeals in 1960 and 1975, the evidence adduced at the hearing on the present application (including evidence necessitated by the applicant's concern that the permit and variances granted by the board in 1975 may have lapsed from nonuse), we find no basis in this record for annulling or modifying the determination as amended under review which granted the application in issue (*cf. Matter of Cowan v Kern*, 41 NY2d 591). On all of the evidence, the determination under review cannot be held to be arbitrary, capricious or illegal, as contended by appellant. Appellant's further contention that it was denied a fair hearing and a reasonable opportunity to present evidence is without merit. Appellant's final argument, noncompliance with the requirements of the State Environmental Quality Review Act (ECL article 8), was neither raised in the administrative

proceedings nor in appellant's CPLR article 78 petition, supporting affirmation and initial brief. It was belatedly raised for the first time in a later brief before Special Term. Under all the circumstances, the question was not properly preserved for review. Gibbons, J. P., Bracken, Weinstein and Niehoff, JJ., concur.