OPINION OF THE COURT
Gerard M. Weisberg, J.
On this motion we must determine whether a nonparty’s guilty plea is admissible in a civil action under the declaration against interest exception to the hearsay rule.
Claimant, a partnership known as 2641 Concourse Co., seeks compensation for the use and occupancy of its building by *465 Herbert H. Lehman College, a four-year senior college of the defendant, City University of New York. As part of its proof in establishing the fair rental value of the demised premises, and over defendant’s objection, a substitute resolution of the New York City Board of Estimate, dated July 23, 1981, was placed in evidence along with an accompanying report by the Department of General Services, Division of Public Structures, of the City of New York, dated July 21, 1981. These documents, designated exhibit 16, show a proposed annual rental for the property.
During the time when this resolution was passed, Alex Liberman was the chief negotiator for the Bureau of Leasing of the Department of General Services, Division of Public Structures. In this capacity, he engaged in a series of corrupt practices involving the receipt of bribes. These were paid by property owners as a condition for the exercise of Mr. Liberman’s influence in having his employer, the City of New York, rent their premises. On April 12, 1985, Mr. Liberman pleaded guilty to one count of a 30-count indictment brought in the United States District Court for the Eastern District of New York, and was sentenced to 12 years’ imprisonment (United States v Liberman, 83 CR 443s). That count charged Mr. Liberman with the commission of 14 racketeering acts under the so-called RICO statute. (See, 18 USC § 1962 [c].)
Defendants contend that court papers relating to this guilty plea should be admitted in evidence for the purpose of showing that the resolution of the Board of Estimate does not reflect the fair rental value of claimant’s property. Specifically, it is alleged that Mr. Liberman prepared both the documents contained in exhibit 16 and was assisted in this by Leon Grossman, a senior vice-president of Sylvan Lawrence Inc., a company owned in part by one of the surviving partners of 2641 Concourse Co. Mr. Grossman testified to his participation in the editing of the resolution. The effect of his actions upon the weight to be given exhibit 16 is, therefore, already part of the trial record. This motion need only focus on the Federal court papers.
There are six proffered exhibits. The first is a "Judgment and Probation/Commitment Order”, stating the date and place of Mr. Liberman’s guilty plea as well as his sentence. The second is the "Second Superseding Indictment”, to which he pleaded. A demand for a bill of particulars, dated February 29, 1984, by Mr. Liberman’s attorneys, and a reply by an Assistant United States Attorney, dated March 20, 1984, are *466 also offered. Both are in letter form. In addition, put forward as proposed exhibits are a presentence recommendation by the United States Attorney for the Eastern District of New York and a memorandum of law prepared by his office in response to a motion for a bill of particulars.
The defendants urge that these documents, read in their entirety, show an apparent link between one of the principals of the claimant and Mr. Liberman in connection with the latter’s acts of extortion. Specifically, it is alleged that bribes were paid in return for the leasing of property owned by the principal. The only mention of the subject premises appears in a list of 20 properties leased by entities owned or controlled by the named principal between 1981 and 1983. This list is contained in the memorandum of law from the Office of the United States Attorney.
The obvious inference sought to be drawn is that Mr. Liberman’s guilty plea, when viewed in the light of the alleged connections to claimant’s principal, taint any probative value of the resolution authorizing the rental.
Although the proposed exhibits are relevant and material, claimant objects to their admission on the ground that the documents are hearsay. The focus of our determination must be the exhibit containing Mr. Liberman’s guilty plea, since the other items are offered to amplify and expand the circumstances surrounding that judicial admission and link it by a circumstantial thread to the facts of this case.
Is the plea hearsay? In other words, is it "offered for the truth of the fact asserted [therein]” (Richardson, Evidence § 200 [Prince 10th ed]). If the statement by Mr. Liberman were not offered for its truth, it would be immaterial. The veracity of his corrupt practices bestows relevance on it and the accompanying exhibits. In other words, the offered documents only have bearing on the issue of fair rental value if Mr. Liberman’s statement was, in fact, acknowledgment, of his wrongdoing. Thus, his plea is hearsay and inadmissible unless an exception to the rule can be found.
The guilty plea is a declaration against Mr. Liberman’s penal interest, a recognized exception to the hearsay rule since 1970. (People v Brown, 26 NY2d 88; see, Goodman, Hearsay Rule for Declaration Against One’s Penal Interest, NYLJ, Aug. 12, 1981, at 1, col 2.) Admission of such statements is permissible only "if four prerequisites are met: (1) *467 the declarant must be unavailable to give testimony, whether by reason of absence from the jurisdiction, refusal to testify on constitutional grounds or death; (2) the declarant must have been aware at the time of its making that the statement was contrary to his penal interest; (3) the declarant must have competent knowledge of the underlying facts; and (4) there must be sufficient competent evidence independent of the declaration to assure its trustworthiness and reliability” (People v Thomas, 68 NY2d 194, 197).
The first of these requirements concerns us here, the question of Mr. Liberman’s unavailability (cf., People v Thomas, supra). Although presumably he is presently incarcerated, the issue has not been addressed by the parties. We hold that mere imprisonment should not be equated with unavailability in this context. Under the Federal Rules of Evidence, a declarant is not considered unavailable if he may be deposed. (Fed Rules Evid, rule 804 [a] [5] [in 28 USC Appendix]; Martin, Statements Against Interest: Unavailability, NYLJ, Oct. 10, 1986, at 1, col 1.) No attempt to take such action was apparently made in this case. In addition, no request was made for this court to invoke its power to compel the attendance of a prisoner. (CPLR 2302 [b].) Under these circumstances, we adopt the Federal rule and hold that defendant has not established the unavailability of the declarant. (See, Ellis v Allstate Ins. Co., 97 AD2d 970.)
Defendant has cited S. T. Grand, Inc. v City of New York (32 NY2d 300). In that case a criminal conviction was deemed to be conclusive proof of its underlying facts in a subsequent civil action. However, the criminal defendant was the plaintiff in the civil action and the doctrine of collateral estoppel was applied to preclude a subsequent challenge to the plea. Mr. Liberman is, obviously, not a party in the instant case and the principle espoused by S. T. Grand is inapplicable. (See, Fisch, New York Evidence § 960 [2d ed]; see also, Proposed NY Code of Evidence § 803 [21].)
Similarly, United States v Podell (572 F2d 31), also cited by defendant, is inapposite since that case dealt with a defendant in a civil action who was found to be collaterally estopped from challenging facts encompassed by a prior guilty plea.
Upon the foregoing, defendant’s motion to place the exhibits in evidence is denied and the documents are excluded.