■ ARTHUR W. WADDLE et al., Appellants, v E. G. SNYDER COMPANY, INC., Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated December 3, 1987, which, upon a jury verdict, is in favor of the defendant and against them.

Ordered that the judgment is affirmed, with costs.

On December 6, 1983, at approximately 8:00 A.M., the plaintiff Arthur Waddle fell backward and hit his head on a pavement when he stepped on two cement blocks serving as temporary steps to enter a trailer the defendant was using as an office at a construction site. Mr. Waddle was the coordinator for the owner of the site and acted as a liaison officer between the owner and the various contractors working on the site. Concededly, therefore, he was expected to enter the office trailer and have meetings with the defendant's employees.

Testimony was adduced at the trial that the office trailer had been rented to the defendant and had been delivered without any stairs the day before the accident. The defendant's job superintendent had immediately ordered a carpenter to build some stairs for the trailer, since the bottom of the door was some 30 to 36 inches above ground level. In the interim, the job superintendent stacked two 16-by-8-inch cement blocks to be used as a step. When the job superintendent saw Mr. Waddle attempting to enter the office trailer he warned him to "Be careful of the cement blocks", but almost simultaneously with his comments, Mr. Waddle began to fall backwards.

The plaintiffs' appeal is from a judgment in favor of the defendant after a jury verdict in its favor. They allege that the trial court committed errors in its charge to the jury. We find that the plaintiffs never relied at the trial on any viola-

tion of the New York Labor Law. In fact the first time they have mentioned Labor Law § 200 is on this appeal. Thus, the trial court's failure to instruct the jury with respect to Labor Law § 200 has not been preserved for appellate review (see, *Matter of Arbor Oaks Civic Assn. v Zoning Bd. of Appeals,* 112 AD2d 988).

It is also clear that the Occupational Safety and Health Act and the regulations thereunder (29 USC § 651 *et seq.;* 29 CFR 1910.24) which deal with fixed industrial stairs do not apply to the facts presented here, and, therefore, the trial court did not err in refusing to instruct the jury on those provisions.

We also note that the plaintiffs did not object to the trial court's charge that the jury should find for the defendant if it concluded that Mr. Waddle's hands slipped from the door frame causing him to fall. Thus, that issue is not preserved for appellate review and we decline to reach it in the exercise of our interest of justice jurisdiction. Thompson, J. P., Bracken, Kunzeman and Spatt, JJ., concur.