■ DARLENE W. JONES, Respondent, v MITCHELL McDONALD et al., Defendants, and NATIONWIDE INSURANCE COMPANY, Appellant.—Order unanimously reversed on the law without costs and judgment granted, in accordance with the following Memorandum: On a motion for summary judgment in this declaratory judgment action, defendant Nationwide Insurance Company (Nationwide), submitted affidavits to the court asserting that, at the time of plaintiff's automobile accident, the driver of the second vehicle (McDonald) was not a resident of his mother's and stepfather's household as that term was defined in the automobile liability policy purchased by them from Nationwide *(see, Allstate Ins. Co. v Gominiak,* 147 AD2d 979; *see also, D'Amico v Pennsylvania Millers Mut. Ins. Co.,* 52 NY2d 1000). In opposition to that evidence, plaintiff failed to submit any proof in admissible form raising a triable issue of fact concerning McDonald's residence *(see, Ellis v Allstate Ins. Co.,* 97 AD2d 970; *see also, Abrahamsen v Brockway Glass Co.,* 156 AD2d 615, 617; *Clifford v Black Clawson Co.,* 145 AD2d 808, *lv denied* 76 NY2d 714). Accordingly, we declare that McDonald was not an insured under the policy and that Nationwide is not required to defend or indemnify him in the personal injury action brought against him by plaintiff arising out of the automobile accident of November 25, 1989. (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.— Summary Judgment.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.