■ JAMES P. MORRISSEY, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. (And a Third-Party Action.) [634 NYS2d 185] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of a judgment of the Supreme Court, Queens County (Milano, J.), entered April 7, 1993, as amended January 3, 1994, as, after a jury trial on the issue of liability finding the defendant Willets Point Contracting Corp. not at fault in the happening of the accident, and upon granting the motion of the defendant City of New York for judgment as a matter of law, is in favor of the defendants City of New York and Willets Point Contracting Corp. and against him dismissing the complaint insofar as it is asserted against those defendants.

Ordered that the judgment, as amended, is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff's challenge to the trial court's charge to the jury that admissions made by the defendant Peter C. Bonanno regarding the cause of the accident could not be considered when assessing the liability of any of the codefendants is unpreserved for appellate review as he never objected to the charge (see, Harris v Armstrong, 64 NY2d 700; Up-Front Indus. v U.S. Indus., 63 NY2d 1004; Waddle v Snyder Co., 149 AD2d 696). In any event, the contention that the trial court's charge was improper is without merit. The pretrial statements made by Bonanno to the plaintiff concerning the cause of the accident constituted admissions that could be used as evidence against Bonanno at trial (see, Richardson, Evidence § 209 [Prince 10th ed]). However, these statements were not admissible against the codefendants Willets Point Contracting Corp. and the City of New York merely because they happened to be joined in the action (see, Richardson, Evidence § 232 [Prince 10th ed]; Stevens v Parker, 99 AD2d 649; Ellis v Allstate Ins. Co., 97 AD2d 970; Jamison v Walker, 48 AD2d 320).

Finally, the trial court did not err or improvidently exercise its discretion in excluding the resident engineer's report and the accident reconstructionist's diagram from evidence. The resident engineer's report constituted inadmissible hearsay, and the plaintiff failed to demonstrate that the accident reconstructionist's diagram fairly and accurately depicted the scene at the time the accident occurred (see, Schuster v Town of Hempstead, 130 AD2d 481; Mooney v Turner, 35 AD2d 674). O'Brien, J. P., Pizzuto, Santucci and Joy, JJ., concur.