■ TERESA GRIFFIN et al., Appellants, v HIGH FIVES RESTAURANT, INC., et al., Respondents. [706 NYS2d 718] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Emerson, J.), entered March 11, 1999, which upon a jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

The plaintiff Teresa Griffin was walking in a restaurant operated by the defendant High Fives Restaurant, Inc., when she fell because she failed to notice a single-step riser situated in the lobby of the restaurant. The restaurant was located in the basement of a building owned by the defendant Donald Axin. The riser, which separated the restaurant lobby from the bar area, was located approximately 10 feet from a set of double doors that led to a stairway leading to the ground level of the building.

Contrary to the plaintiffs' contention, the Supreme Court did not err in refusing to instruct the jury with regard to the New York State Uniform Fire Prevention and Building Code § 765.4 (a) (10) (see, 9 NYCRR 765.4 [a] [10]). Despite the testimony of the plaintiffs' expert to the contrary, the record establishes

that the provision, which explicitly governs exit stairways, does not apply to the single-step riser at issue here (*see, Montoya v Vasquez,* 185 AD2d 875; *Waddle v Snyder Co.,* 149 AD2d 696). Sullivan, J. P., Florio, Luciano and Feuerstein, JJ., concur.