Mazal of ADAR LLC v Best Plumbing & HVAC Inc. (2025 NY Slip Op 52161(U))

[*1]

Mazal of ADAR LLC v Best Plumbing & HVAC Inc.

2025 NY Slip Op 52161(U)

Decided on December 31, 2025

Civil Court Of The City Of New York, Queens County

Torres, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 31, 2025
Civil Court of the City of New York, Queens County

Mazal of ADAR LLC, Plaintiff(s),

againstBest Plumbing & HVAC Inc., Defendant(s).

Index No. CV-003131-24

Daniel P Rabinowitz, Esq, for Plaintiff

Gail E Spindler, for defendants

Patrick Hayes Torres, J.

Recitation, as required by CPLR §2219(a) of the papers considered in review of this Motion:
PapersNotice of Motion and Affidavits Annexed 1Answering Affidavits 2Replying Affidavits __Exhibits __Upon the foregoing cited papers, the Decision and Order on defendant's notice of motion to dismiss plaintiff's complaint for failure to prosecute pursuant to CPLR 3126 along with plaintiff's opposition and notice of cross motion with plaintiff's reply is as follows:
Defendant was retained by an entity known as Prime Contracting and Consulting to remove a boiler at plaintiff's building. The defendant's scope of work was also to submit a filing called OP49 to the New York City Buildings Department (herein Referred as "DOB") showing the removal of the boiler. Unfortunately, defendant submitted the wrong boiler numbers to the DOB causing plaintiff to receive violations. Plaintiff, as a result, filed a summons and complaint alleging breach of contract and negligence. Defendant seeks to dismiss the complaint pursuant to CPLR 3211(a)(1)(5)(7) and/or summary judgment in this action alleging that plaintiff had no privity with defendant for the breach of contract claim and that any negligence claim was beyond the statute of limitations.
Summary judgment is the procedural equivalent of a trial and is a drastic remedy which essentially deprives a litigant of his or her day in court and should be employed only when there is no doubt as to the absence of triable issues of fact, or where the issue is even arguable. Andre v Pomeroy, 35 NY2d 361 (1974); Sillman v Twentieth Century- Fox Film Corp. 3 NY2d 395 [*2](1957); Steven v. Parker, 99 AD2d 649 (2d Dept 1984).
Once the movant has made a prima facie showing, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. Zuckerman v City of New York, 49 NY2d 557 [1980]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986]. Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (Banco Popular N. Am. v Victory Taxi Mgmt., 1 NY3d 381 [2004]).
Even though plaintiff had no privity with defendant, liability for a breach of contract claim can still attach to defendant. "[a]s a general rule, privity or its equivalent remains a predicate for imposing liability for nonperformance of contractual obligations ... An obligation rooted in contract may [nevertheless] engender a duty owed to those not in privity when the contracting party knows that the subject matter of a contract is intended for the benefit of others . . . An intention to benefit a third party must be gleaned from the contract as a whole". Logan-Baldwin v L.S.M. Gen. Contractors, Inc., 94 AD3d 1466, 1468 [4th Dept 2012]. "Where performance is to be made directly to a third party, that party is generally deemed an intended beneficiary of the contract and is entitled to enforce it or there is, at least, a presumption that the contract was for the benefit of the third party". White Plains Plaza Realty, LLC v Cappelli Enterprises, Inc., 108 AD3d 634, 637 [2d Dept 2013].
The contract between Prime Contracting and Consulting and the defendant is ambiguous as to the identity of the intended beneficiary. However, the plaintiff submitted an affidavit from its President, stating that he executed the contract between Prime Contracting and Consulting and the defendant, and transmitted the executed agreement to the defendant via electronic mail. The affiant further stated that he met with the defendant to discuss the scope of the work, and the submitted electronic mail correspondence reflected discussions regarding work to be performed at the plaintiff's building. Accordingly, there was a colorable argument that the defendant was aware that the plaintiff was the intended beneficiary of the contract, thereby creating a genuine issue of material fact sufficient to preclude summary judgment.
Defendant's other assertion was that plaintiff cause of action based on negligence was barred by the statute of limitations is denied. Defendant failed to explain or articulate the basis that plaintiff's claim was barred by the statute of limitations. Thus, defendant's claim based on statute of limitations is denied.
Plaintiff's notice of cross motion is granted in part and denied in part. Plaintiff's motion for preclusion due to discovery violations was meritless given that plaintiff filed a Notice of Trial and specifically waived any outstanding discovery. However, plaintiff request to dismiss defendant's counterclaim alleging plaintiff filed a frivolous suit is granted. Defendant failed to raise an issue of fact to oppose summary judgement regarding defendant's counterclaim.
This constitutes the Order and Decision of the Court.
Date: December 31, 2025Queens, New YorkPatrick Hayes Torres, JCC