■ HELEN PORTARO, as Administratrix of the Estate of JOHN PORTARO, Deceased, Appellant, v BRADFORD GERBER, Respon-

dent. [629 NYS2d 277] —In an action, *inter alia*, to recover damages for wrongful death, etc., arising from an accidental shooting, the plaintiff appeals from so much of a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated October 25, 1993, as, upon a jury verdict apportioning 70% of the fault in the happening of the accident to the defendant and 30% of the fault to the plaintiff's decedent, and finding that the plaintiff and/or the plaintiff's decedent had sustained damages in the sum of $25,000 for conscious pain and suffering, $6,633.58 for medical and burial expenses, and $33,000 for wrongful death, is in favor of the plaintiff in the total sum, including interest, of $54,683.33.

Ordered that the judgment is modified, on the law and the facts and as an exercise of discretion, by deleting the provision thereof awarding the plaintiff the sum of $54,683.33, and substituting therefor (1) a provision awarding the plaintiff the principal sums of $33,000 for wrongful death and $6,633.58 for medical and burial expenses, and (2) a provision severing the cause of action to recover damages for conscious pain and suffering and granting a new trial with respect thereto; as so modified the judgment is affirmed insofar as appealed from, with costs payable to the plaintiff, and the matter is remitted to the Supreme Court, Dutchess County, for a new trial on the issue of damages for conscious pain and suffering, unless within 30 days after service upon the defendant of a copy of this decision and order, with notice of entry, the defendant shall serve and file in the office of the Clerk of the Supreme Court, Dutchess County, a written stipulation consenting to increase the verdict as to damages for conscious pain and suffering from the principal sum of $25,000 to the principal sum of $100,000, and to the entry of an appropriate amended judgment accordingly; in the event that the defendant so stipulates, then the judgment, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's decedent was 26 years old and was employed as a bartender. The defendant was his friend. On December 30, 1989, the defendant entered the bar in which the decedent worked. The defendant, who was in an intoxicated state continued to consume alcohol, and eventually left the bar. Later that night, the decedent arrived at the defendant's home. The defendant picked up a shotgun and, believing that it was unloaded, pointed it at the decedent and squeezed the trigger, mortally wounding him in the chest. The decedent was conscious for between five and ten minutes and repeatedly pleaded "don't let me die, I'm too young to die, it hurts". The defen-

dant pleaded guilty to the crime of manslaughter in the second degree (reckless manslaughter) arising out of the incident. In this civil action, the decedent's mother, acting as his personal representative, sought damages for the decedent's wrongful death, conscious pain and suffering, medical and burial expenses, and punitive damages based upon the theory of common-law negligence.

We find, as a matter of law, that the trial court erred in submitting to the jury the issue of the contributory negligence of the plaintiff's decedent. Historically, it was the drinking of alcohol, not the furnishing of it, which was regarded as the proximate cause of an alcohol-induced injury (*see, D'Amico v Christie*, 71 NY2d 76, 84-85). An exception exists under common law which imposes liability on the server of alcohol in the situation where the intoxicated individual, while inside a bar, injures a third party and the individual who served the alcohol had the opportunity to exercise control over the wrongdoer's conduct and was reasonably aware of the necessity of such control (*see, De Ryss v New York Cent. R. R. Co.*, 275 NY 85; *Allen v County of Westchester*, 109 AD2d 475, 477). However, this exception is inapplicable to the instant case, as (1) the decedent was the serving bartender and not an injured third person, and (2) the decedent was under no duty to exercise control over the defendant, as the incident occurred later in the night in the defendant's home, as opposed to inside the bar (*see, Allen v County of Westchester, supra; Wright v Sunset Recreation*, 91 AD2d 701). Therefore, we vacate the jury's factual determination that the decedent was guilty of contributory negligence.

The record reveals that the decedent suffered a great deal of pain as a result of his injury and was aware of his impending death. We find that the jury's award of $25,000 for conscious pain and suffering deviated materially from what would be reasonable compensation (*see*, CPLR 5501 [c]). Accordingly, we remit the matter to the Supreme Court, Dutchess County, for a new trial on the issue of damages for conscious pain and suffering unless the defendant stipulates to increase the amount awarded by the jury for that element of damages to the principal sum of $100,000.

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Balletta, Copertino and Altman, JJ., concur.