■ ALBERT J. OEHLER, as Parent and Natural Guardian of ERIK M. OEHLER, an Infant, Appellant, v DIOCESE OF BUFFALO et al., Respondents. [716 NYS2d 849] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted that part of the motion of defendants seeking summary judgment dismissing the claim alleging that they were negligent in failing to maintain their premises in a rea-

sonably safe condition. In preparation for a physical education class at the Queen of Heaven Roman Catholic School, plaintiff's son and his classmates were assembled in an area near a staircase leading to an outside door. The physical education teacher directed the students to proceed up a flight of stairs to the first floor, across a landing and down another flight of stairs to the first of two doors leading to a parking lot. The first door opened into a vestibule and contained nine panes of plain window glass. The second door opened to the outside and contained nine panes of wire mesh reinforced safety glass. The student walking in front of plaintiff's son pushed the first door back in the direction of plaintiff's son, without warning. Plaintiff's son reached out with his left hand in order to catch the door and his hand went through a pane of glass, resulting in injury to his hand and wrist. Defendants met their initial burden by establishing their entitlement to judgment as a matter of law on this claim (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). Plaintiff failed to raise an issue of fact whether the premises were kept in a reasonably safe condition by submitting the affidavit of a retired school administrator; the administrator was not qualified as an expert on that issue (*see,* Prince, Richardson on Evidence § 7-304 [Farrell 11th ed]).

The court erred, however, in granting that part of defendants' motion seeking summary judgment dismissing the claim alleging negligent supervision. Although defendants met their initial burden, plaintiff raised an issue of fact whether the physical education teacher should have been stationed at the doorway. Defendants were "under a duty to adequately supervise students in their care and will be [held] liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Foster v New Berlin Cent. School Dist.,* 246 AD2d 880, 881). The court properly denied plaintiff's cross motion for partial summary judgment on liability. (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Hayes, J. P., Scudder, Kehoe and Lawton, JJ.