■ JENNA R. PLACE et al., Respondents, v THOMAS J. COOPER et al., Defendants, and BARBARA J. SYROCZYNSKI et al., Appellants. [827 NYS2d 396]—

Appeals from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered January 19, 2006 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendants Barbara J. Syroczynski and Thomas E. Syroczynski seeking summary judgment and denied the motion of defendant Matthew Syroczynski seeking summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting those parts of the motion of defendants Barbara J. Syroczynski and Thomas E. Syroczynski seeking summary judgment dismissing the negligence causes of action and the claim asserting violation of General Obligations Law § 11-101 against defendant Barbara J. Syroczynski and dismissing those causes of action and claim against her and by granting that part of the motion of defendant Matthew Syroczynski seeking summary judgment dismissing the negligence causes of action against him and dismissing those causes of action against him and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced these consolidated actions to recover damages for injuries they sustained when a vehicle driven by defendant Thomas J. Cooper (Cooper) collided with a vehicle driven by plaintiff John J. McGuire. Plaintiff

Andrea Fuller was a passenger in the vehicle driven by Mc-Guire, and plaintiff Jenna R. Place was a passenger in the vehicle driven by Cooper. The accident occurred approximately one hour after Cooper, then 19 years old, left the home of defendant Barbara J. Syroczynski, where he had been drinking alcoholic beverages with Barbara's son, defendant Matthew Syroczynski, then 20 years old.

Supreme Court properly denied that part of the motion of Barbara and her husband, who is no longer a party to the actions, and that part of the motion of Matthew seeking summary judgment dismissing the respective causes of action and claim alleging the violation of General Obligations Law § 11-100 against Barbara and Matthew. The evidence submitted by Barbara and her husband in support of their motion "raise[s] an issue of fact whether [Barbara] '[was] aware of, or . . . had given permission for, the consumption of alcoholic beverages on [her] premises by underage people' " (*Fantuzzo v Attridge*, 291 AD2d 871, 873 [2002], quoting *Guercia v Carter*, 274 AD2d 553, 554 [2000]). The evidence submitted by Matthew in support of his motion fails to demonstrate as a matter of law that his acts do not fall "within the meaning of 'furnishing' as used in the statute" (*Rust v Reyer*, 91 NY2d 355, 360 [1998]; *see Fantuzzo*, 291 AD2d at 872-873).

The court erred, however, in denying those parts of the respective motions of Barbara and her husband and Matthew seeking summary judgment dismissing the negligence causes of action against Barbara and Matthew. Such "liability may be imposed only for injuries that occurred on defendant[s'] property, or in an area under defendant[s'] control, where defendant[s] had the opportunity to supervise the intoxicated guest," and it is undisputed that the accident occurred on a public highway (*D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *see Lombart v Chambery*, 19 AD3d 1110, 1110-1111 [2005]). The court also erred in denying that part of the motion of Barbara and her husband seeking summary judgment dismissing the claim of Place that Barbara violated General Obligations Law § 11-101. Liability under that statute requires the commercial sale of alcohol, and it is undisputed that Barbara did not sell alcohol to Cooper (*see D'Amico*, 71 NY2d at 84). We therefore modify the order accordingly. Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.