■ BRIAN GERSTEN et al., Respondents, v DUANE K. BOOS et al., Appellants, et al., Defendants. [870 NYS2d 56]—

476

The decedent was struck by a vehicle driven by the defendant Duane K. Boos traveling northbound on North Middletown Road in Orangetown, New York as she crossed the county roadway. Mr. Boos did not see the decedent in the roadway, and he did not stop after the collision. There were no other witnesses to the occurrence. Despite the plaintiffs' claim that the presence of a mid-block pedestrian ramp approved by the defendant County of Rockland and the absence of a corresponding marked crosswalk or pedestrian crossing signs at that location contributed to the accident, there was no evidence adduced at trial that the decedent utilized the pedestrian ramp to cross the roadway. Accordingly, the Supreme Court should have granted that branch of the County's motion which was to dismiss the complaint insofar as asserted against it, as there was no evidence from which a rational juror could have found that the conduct of the County was a proximate cause of the accident (*see Mirand v City of New York,* 84 NY2d 44, 51 [1994]; *Bernstein v City of New York,* 69 NY2d 1020 [1987]; *Cohen v Hallmark Cards,* 45 NY2d 493 [1978]).

The plaintiffs met their burden of proving that the decedent was conscious for at least some period of time following the accident, and thus an award of damages for pain and suffering was justified (*see Cummins v County of Onondaga,* 84 NY2d 322, 324 [1994]). However, the amount of damages awarded by the jury deviated materially from what would otherwise be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]; *Rodd v Luxfer USA,* 272 AD2d 535, 536 [2000]; *Donofrio v Montalbano,* 240 AD2d 617 [1997]; *Portaro v Gerber,* 217 AD2d 539 [1995]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Santucci, J.P., Dillon, Dickerson and Chambers, JJ., concur.