■ NOEL COLLINS, Respondent, v WEST 13TH STREET OWNERS CORP. et al., Appellants, et al., Defendant. (And Other Actions.) [882 NYS2d 85]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered April 30, 2008, which, insofar as appealed from, denied the motion of defendant Cinema Four, Inc. and the cross motion of West 13th Street Owners Corp. for summary judgment dismissing plaintiffs' Labor Law § 240 (1) and § 241 (6) causes of action, and granted plaintiff partial summary judgment on the issue of liability on his section 240 (1) claim, unanimously affirmed, without costs.

Upon a search of the record, partial summary judgment in favor of plaintiff is appropriate in this action where plaintiff was injured when, while installing acoustical ceiling tile in a movie theatre owned by West 13th and leased by Cinema Four, he fell from a makeshift scaffold that he constructed and which consisted of resting one end of a piece of plywood on top of an A-frame ladder and resting the other end on the top of a knee wall that was the same height as the ladder. The work being performed was an activity within the ambit of section 240 (1), and the record shows that he was not provided with an appropriate safety device to perform such work (*see Casabianca v Port Auth. of N.Y. & N.J.*, 237 AD2d 112 [1997]).

We reject defendants' argument that plaintiff was the sole proximate cause of his injuries. In order for a plaintiff to be considered the sole proximate cause of his injuries, it must be shown that an appropriate safety device was available, but that plaintiff chose not to use the device (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]). Here, plaintiff testified that he fell from an unsecured scaffold and that there were no appropriate safety devices available on site. Defendants relied on, inter alia, the affidavit of a principal of plaintiff's employer, who said that plaintiff had available to him the materials necessary to construct a proper scaffold, including wood boards and planks of various lengths, as well as the tools necessary to modify the boards and planks to the required length. The motion court properly recognized that defendants' argument, that the onus is on plaintiff to construct an adequate safety device, using assorted materials on site which are not themselves adequate safety devices but which may be used to construct a safety device, improperly shifted to the worker the responsibility for creating a proper safety device.

Contrary to West 13th Street's contention, it is an "owner" for purposes of section 240 (1). "[S]o long as a violation of the statute proximately results in injury, the owner's lack of notice or control over the work is not conclusive—this is precisely what is meant by absolute or strict liability in this context" (*Sanatass v Consolidated Inv. Co., Inc.*, 10 NY3d 333, 340 [2008]).

We have considered defendants' remaining contentions, including that plaintiff could not rely on his unsigned deposition transcript in support of his cross motion, and find them unavailing. Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and Freedman, JJ.