■ JANICE STRUEBEL, Individually and as Administrator of the Estate of MATTHEW JAMES STRUEBEL, Deceased, Respondent, v GLORIA FLADD et al., Appellants. [905 NYS2d 732]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered April 2, 2009 in a wrongful death action. The order, insofar as appealed from, denied in part defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion for summary judgment dismissing the complaint in its entirety against defendant Gerald H. Welsted and dismissing the complaint in its entirety against that defendant, and by granting that part of the motion for summary judgment dismissing the first cause of action against defendant Gloria Fladd except insofar as that cause of action alleges negligent supervision and dismissing that cause of action to that extent against that defendant and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and as administrator of the estate of her son (decedent), seeking damages for his wrongful death and conscious pain and suffering. Decedent died as a result of a head injury he sustained after falling from a second story porch of a house owned by defendant Gerald H. Welsted, where Welsted's fiancée, defendant Gloria Fladd, resided with her 16-year-old son. Fladd's son, decedent, and several other teenagers were having a party at the house and beer was consumed. Fladd was at the house at various times during the evening in question but denied both that she supplied the alcohol and that she was aware that alcohol was being consumed. The record establishes that Welsted was not present at the house at any time that evening. Defendants moved for summary judgment dismissing the complaint, which asserts three causes of action. The first two

are against Fladd and Welsted, respectively, for negligence including negligent supervision, and the third is a derivative cause of action against both defendants. Supreme Court granted the motion only to the extent that it was "based on the dram shop law." We conclude that the court should have granted that part of the motion for summary judgment dismissing the complaint in its entirety against Welsted and that part of the motion for summary judgment dismissing the first cause of action against Fladd except insofar as that cause of action alleges negligent supervision. We therefore modify the order accordingly.

With respect to the claim against Fladd for negligent supervision, we note at the outset that "the duty to control the conduct of third persons for the protection of others on the premises extends not only to landowners, but also to those in control or possession of the premises" (*Dynas v Nagowski*, 307 AD2d 144, 147 [2003]). We conclude on the record before us that there are issues of fact whether Fladd had the opportunity " 'to control the conduct of third persons on [the] premises and [was] reasonably aware of the need for such control' " (*id.* at 146, quoting *D'Amico v Christie*, 71 NY2d 76, 85 [1987]), and thus may be held liable for negligent supervision. We further note, however, that "[s]uch 'liability may be imposed only for injuries that occurred . . . in an area under [Fladd's] control, where [she] had the opportunity to supervise the intoxicated guest' " (*Place v Cooper*, 35 AD3d 1260, 1261 [2006], quoting *D'Amico*, 71 NY2d at 85).

We turn next to those parts of defendants' motion seeking summary judgment dismissing the first and second causes of action to the extent that they allege that there was a dangerous or defective condition on the premises, and to the extent that they allege an agency theory with respect to Fladd's son as well as negligent supervision against Welsted. We conclude that the court erred in denying those parts of defendants' motion. With respect to the dangerous or defective premises claim, "[d]efendants met their initial burden by establishing their entitlement to judgment as a matter of law on this claim . . . [and p]laintiff failed to raise an issue of fact whether the premises were kept in a reasonably safe condition" (*Oehler v Diocese of Buffalo*, 277 AD2d 967, 968 [2000]).

With respect to the agency theory, we note that " '[t]he existence of a parent-child relationship is insufficient to establish an agency relationship; the proof must establish that the child is in fact an agent of the parent' " (*Dynas*, 307 AD2d at 147; *see Hannold v First Baptist Church*, 254 AD2d 746, 747 [1998]).

" 'Under most circumstances, [mere] intrafamilial activity will not give rise to an agency relationship' " (*Dynas*, 307 AD2d at 148, quoting *Maurillo v Park Slope U-Haul*, 194 AD2d 142, 146 [1993]). Here, there is no evidence that Fladd's son was acting as an agent of either defendant.

Finally, we conclude that the court erred in denying that part of defendants' motion with respect to the negligent supervision claim against Welsted. The record contains uncontroverted evidence that he was not present at the premises on the night of the accident and that he was unaware that friends of Fladd's son would be at the house or that alcohol would be consumed (*see Ahlers v Wildermuth*, 70 AD3d 1154, 1155 [2010]). Based on our determination that there is no basis upon which to hold Welsted liable, the derivative cause of action must be dismissed against him as well, while that cause of action remains viable with respect to Fladd, in view of her potential liability for negligent supervision. Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.