■ JOSE DE JESUS MIRANDA, Respondent, v NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., Defendant, and WEIHER COURT, LLC, et al., Appellants. (And Third-Party Actions.) [996 NYS2d 256]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered October 30, 2013, which granted the branch of plaintiff's motion that sought summary judgment on the issue of defendants-appellants' (hereinafter defendants) liability under Labor Law § 240 (1), and denied, as academic, the branch of plaintiff's motion that sought summary judgment on the issue of defendants' liability under section 241 (6), unanimously modified, on the law, to grant defendants, upon a search of the record, summary judgment dismissing the section 241 (6) claim insofar as it is predicated on a violation of 12 NYCRR 23-1.7 (f), and otherwise affirmed, without costs.

Plaintiff was injured when he fell from a six-foot-tall A-frame ladder that had been placed atop an approximately eight-foot-tall scaffold, reaching a combined height of nearly 14 feet. Despite defendants' argument that plaintiff could have extended the scaffold to a height of 12 feet using "piping and planks," the presence of which plaintiff disputes, the existing scaffold and unassembled components would not have constituted an adequate safety device (*see Conway v New York State Teachers' Retirement Sys.*, 141 AD2d 957, 958-959 [3d Dept 1988]; *Collins v West 13th St. Owners Corp.*, 63 AD3d 621, 622 [1st Dept 2009]). Even if the scaffold had been extended to its maximum 12 feet, it would have still provided an inadequate height from

which to perform the work of attaching sheetrock to a metal frame at heights approaching the 20-foot ceiling. Moreover, the presence of taller ladders at the worksite is immaterial because it cannot be said that plaintiff "knew he was expected to use them" (*Gallagher v New York Post*, 14 NY3d 83, 88 [2010]); plaintiff testified that he could not use those ladders because they were designated for the plumbers' use, and the affidavit by defendant Jace Construction's foreman merely states that plaintiff was not warned against using them. As plaintiff was not provided with an adequate safety device, defendants cannot avail themselves of the "sole proximate cause" or "recalcitrant worker" defense, and summary judgment in plaintiff's favor is appropriate on the issue of liability under Labor Law § 240 (1) (*see e.g. Gallagher*, 14 NY3d at 88-89; *Hagins v State of New York*, 81 NY2d 921, 922-923 [1993]; *Stolt v General Foods Corp.*, 81 NY2d 918 [1993]; *DeRose v Bloomingdale's Inc.*, 120 AD3d 41 [1st Dept 2014]).

Although defendants did not move for summary judgment dismissing plaintiff's Labor Law § 241 (6) claims, this Court finds, upon a search of the record, that the section 241 (6) claim, insofar as it is predicated on a violation of 12 NYCRR 23-1.7 (f), should be dismissed (*see* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 111 [1984]). Plaintiff was not attempting to access another working level within the meaning of section 23-1.7 (f) (*see Torkel v NYU Hosps. Ctr.*, 63 AD3d 587, 590 [1st Dept 2009]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, De-Grasse and Manzanet-Daniels, JJ.