# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**592.1**
**CA 15-01558**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.

---

CARMEN J. FINOCCHI, JR., AND KIM
ELAINE FINOCCHI,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

                V                         MEMORANDUM AND ORDER

LIVE NATION INC., AND CPI TOURING
(GENESIS-USA), LLC,
DEFENDANTS-APPELLANTS-RESPONDENTS.

---

GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

PAUL WILLIAM BELTZ, P.C., BUFFALO (WILLIAM QUINLAN OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered March 30, 2015. The order, inter alia, denied in part the motion of defendants for summary judgment dismissing the complaint, granted that part of the cross motion of plaintiffs to amend their bill of particulars and granted in part that portion of plaintiffs' cross motion seeking sanctions pursuant to CPLR 3126.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiffs' cross motion insofar as it sought leave to amend the bill of particulars and granting that part of defendants' motion with respect to the Labor Law § 241 (6) claim in its entirety and dismissing that claim, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries allegedly sustained by Carmen J. Finocchi, Jr. (plaintiff) when he attempted to load a so-called "Cadillac box" onto a truck following a September 2007 concert by the band Genesis at HSBC Arena, which is owned by nonparty Western New York Arena, LLC (hereafter, Arena). The box apparently contained materials from the concert stage, which was being dismantled after the concert. According to plaintiff, he had been instructed to hoist the box onto the truck by hand, despite the fact that the box had been taken off the truck with a forklift before the concert. When plaintiff attempted to lift the box onto the truck, the weight of the box shifted and it fell onto plaintiff, injuring him. Defendants moved for summary judgment dismissing the complaint, and plaintiffs

cross-moved, inter alia, for leave to amend their bill of particulars to add 12 NYCRR 23-2.1 (b) in support of the Labor Law § 241 (6) claim. Plaintiffs also sought discovery sanctions pursuant to CPLR 3126 based on defendants' failure to produce in a timely fashion the contract between defendant CPI Touring (Genesis-USA), LLC (hereafter, CPI), a subsidiary of defendant Live Nation Inc. (Live Nation) formed specifically to promote the 2007 Genesis Tour, and Gentour, Inc. (Gentour), the band's corporate entity for the tour. Supreme Court granted that part of defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim based on the inapplicability of the Industrial Code regulations on which plaintiffs relied in their bill of particulars, but the court granted that part of plaintiffs' cross motion for leave to amend their bill of particulars to assert an additional Industrial Code violation, and thus the Labor Law § 241 (6) claim was not dismissed in its entirety. The court also granted plaintiffs' cross motion insofar as it sought discovery sanctions pursuant to CPLR 3126 by precluding defendants from using the contract between CPI and Gentour in furtherance of their motion for summary judgment dismissing the complaint. Defendants appeal, and plaintiffs cross-appeal.

Initially, although we agree with defendants that plaintiffs are not entitled to equitable or judicial estoppel with respect to defendants' failure to produce the contract between CPI and Gentour in a timely fashion, we reject defendants' contention that we should overturn the sanction imposed by the court for that failure pursuant to CPLR 3126. We likewise reject plaintiffs' contention on their cross appeal that we should impose more severe sanctions. A sanction for disclosure noncompliance "will remain undisturbed unless there has been a clear abuse of discretion" (*Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc*., 22 NY3d 877, 880), and we perceive no such abuse of discretion here.

We also reject defendants' contention that the court erred in denying that part of their motion for summary judgment seeking dismissal of plaintiffs' common-law negligence/Labor Law § 200 and Labor Law § 240 (1) claims. With respect to the common-law negligence/Labor Law § 200 claim, where, as here, the accident involves only the manner in which the work was performed, CPI could be liable if it exercised supervision or control over the injury-producing work (*see generally Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505). To the extent that defendants rely on the contract between Gentour and CPI, defendants were, as noted above, properly precluded from using that contract in furtherance of their instant motion. In any event, the contract between the Arena and CPI, the contract between the Arena and plaintiff's union (with which CPI was contractually obligated to comply), and section 1.7 of the contract between CPI and Gentour, read together, provided CPI with the authority and obligation to supervise and control the injury-producing work, and there are questions of fact on this record whether CPI actually exercised such supervision and control.

With respect to the Labor Law § 240 (1) claim, defendants' contention that plaintiffs abandoned that claim based on their

responses in their bill of particulars is improperly raised for the first time on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985). We also reject defendants' contention that CPI is not an entity that may be liable under section 240 (1). Because CPI was a licensee of the Arena and had the authority to supervise and control the injury-producing work, it may be liable under that statute (*see Grilikhes v International Tile & Stone Show Expos*, 90 AD3d 480, 483; *Fisher v Coghlan*, 8 AD3d 974, 975-976, *lv dismissed* 3 NY3d 702). Contrary to defendants' further contentions, we conclude that there are issues of fact whether the work being performed by plaintiff at the time he was injured was ancillary to the demolition of the stage, a structure (*see Seemueller v County of Erie*, 202 AD2d 1052, 1052; *see generally Scally v Regional Indus. Partnership*, 9 AD3d 865, 867), and whether plaintiff's injuries are within the ambit of section 240 (1) because they are "the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603).

We agree with defendants, however, that the court erred in granting that part of plaintiffs' cross motion that sought permission to amend their bill of particulars to assert 12 NYCRR 23-2.1 (b) in support of their Labor Law § 241 (6) claim. We therefore modify the order by denying that part of plaintiffs' cross motion and granting that part of defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim in its entirety. Although that regulation, which deals with the disposal of debris, is sufficiently specific to support a section 241 (6) claim (*see DiPalma v State of New York*, 90 AD3d 1659, 1661), it is inapplicable to the facts of this case. We note that plaintiffs have abandoned that portion of their cross appeal contesting the dismissal of the section 241 (6) claim by failing to address that part of the order in their brief on appeal.

Entered:  July 1, 2016                    Frances E. Cafarell
                                          Clerk of the Court