Smiley v Allgaier Constr. Corp. (2018 NY Slip Op 04130)





Smiley v Allgaier Constr. Corp.


2018 NY Slip Op 04130


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND TROUTMAN, JJ.


405 CA 17-01560

[*1]ROBERT SMILEY AND KIMBERLY SMILEY, PLAINTIFFS-RESPONDENTS,
v
ALLGAIER CONSTRUCTION CORP., DEFENDANT-APPELLANT. 






SCHNITTER CICCARELLI MILLS, PLLC, WILLIAMSVILLE (RYAN J. MILLS OF COUNSEL), FOR DEFENDANT-APPELLANT.
PAUL WILLIAM BELTZ, P.C., BUFFALO (WILLIAM QUINLAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered May 4, 2017. The order, among other things, granted plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), and denied those parts of defendant's cross motion seeking summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiffs' motion and granting that part of defendant's cross motion with respect to the Labor Law § 241 (6) claim and dismissing that claim and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this common-law negligence and Labor Law action to recover damages for injuries allegedly sustained by Robert Smiley (plaintiff) while he and a coworker were performing work on a mechanical door. According to plaintiff's deposition testimony, he and the coworker were lifting a heavy motor approximately four feet onto the deck of a scissor lift, and they had positioned themselves on each side of the motor and lifted it off the floor. Plaintiff initially gripped the motor from underneath and lifted it two to three feet in the air but had to change his grip and reposition his hands to get the motor above his chest. The motor was at an angle with its weight bearing down on plaintiff because he was one foot shorter than his coworker. While plaintiff was changing his grip, he lost control of the left side of the motor and it dropped, forcing him to catch it from underneath to prevent it from falling to the floor. When plaintiff did so, he felt pain in his left arm. He could not put the motor down at that time because it would have fallen down on him. The two men completed the task and lifted the motor onto the scissor lift, at which time plaintiff felt a pop in his left shoulder.
Plaintiffs moved for partial summary judgment on the issue of liability under Labor Law § 240 (1), and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiffs' motion and granted defendant's cross motion only in part, dismissing the common-law negligence and Labor Law § 200 claims. Defendant contends on appeal that the court erred in granting plaintiffs' motion and in denying those parts of defendant's cross motion with respect to the claims pursuant to Labor Law §§ 240 (1) and 241 (6). We agree with defendant that the court erred in granting plaintiffs' motion and in denying that part of its cross motion with respect to Labor Law § 241 (6). We therefore modify the order accordingly.
In support of the motion, plaintiffs submitted the deposition testimony of plaintiff set forth above, as well as that of his coworker and a foreman. Plaintiff's coworker testified that he had performed work on 30 or 40 such doors and had manually lifted the motor onto a scissor lift every time. Conversely, the foreman, who was not on location on the date of the injury, testified [*2]that he had performed work on "over a thousand" such doors and had "never lifted a motor manually onto a scissor lift." The foreman found it "hard to believe" that hoists, blocks, pulleys, ropes, or other safety devices were not available on site.
We conclude that plaintiffs failed to meet their initial burden on their motion inasmuch as their evidentiary submissions created issues of fact whether plaintiff's "injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]; see Finocchi v Live Nation Inc., 141 AD3d 1092, 1094 [4th Dept 2016]; cf. Carr v McHugh Painting Co., Inc., 126 AD3d 1440, 1442-1443 [4th Dept 2015]). Based on those issues of fact, we likewise conclude that the court properly denied that part of defendant's cross motion with respect to the Labor Law § 240 (1) claim (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We further agree with defendant that the court erred in denying that part of its cross motion with respect to the Labor Law § 241 (6) claim, which is premised on the alleged violation of 12 NYCRR 23-1.7 (f). That regulation applies to stairways, ramps or runways, and the undisputed evidence establishes that the accident "did not involve [plaintiff] ascending or descending to a different level" (Trombley v DLC Elec., LLC, 134 AD3d 1343, 1344 [3d Dept 2015]; see Miranda v NYC Partnership Hous. Dev. Fund Co., Inc., 122 AD3d 445, 446 [1st Dept 2014]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court