Garces v Windsor Plaza, LLC. (2020 NY Slip Op 07495)





Garces v Windsor Plaza, LLC.


2020 NY Slip Op 07495


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ. 


Index No. 303401/16 Appeal No. 12633 Case No. 2019-04235 

[*1]Miguel Angel Garces, Plaintiff-Respondent,
v
Windsor Plaza, LLC., et al., Defendants-Appellants, Everest Scaffold Inc., Defendant-Respondent.


Mauro Lilling Naparty LLP, Woodbury (Anthony F. DeStefano of counsel), for appellants.
Pena & Kahn, PLLC, Bronx (Jeffrey J. Schietzelt of counsel), for Miguel Angel Garces, respondent.
Marshall Dennehey Warner Coleman & Goggins, New York (Richard C. Imbrogno of counsel), for Everest Scaffold Inc., respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about September 13, 2019, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, denied Everest Scaffold Inc.'s motion for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 240(1) claims as against it, and granted Everest's motion for summary judgment on its contractual indemnification cross claim against defendant A.J. Clarke Real Estate Corp. (Clarke), unanimously modified, on the law, to grant Everest's motion as to the common-law negligence and Labor Law § 200 claims and deny the motion as to the contractual indemnification cross claim, and otherwise affirmed, without costs.
Plaintiff made a prima facie showing that his injuries were proximately caused by violations of Labor Law § 240(1) by submitting his uncontradicted testimony that he fell off a metal A-frame ladder that was shaking and leaned unevenly toward one of its legs, which lacked a rubber protective foot (see Nieto v CLDN NY LLC, 170 AD3d 431 [1st Dept 2019]). Defendants Clarke and Windsor Plaza, LLC (the Clarke defendants) failed to raise issues of fact as to whether plaintiff's failure to use a different ladder was the sole proximate cause of his injuries. Even if an adequate ladder was readily available on the construction site, the Clarke defendants failed to show that plaintiff knew that he was expected to use it or that he chose not to do so for no good reason (see Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [2020]). Plaintiff testified that he had complained to his supervisor that the ladder was shaking when he used it earlier on the day of the accident and that his supervisor responded by ordering him to continue using the ladder (see Miranda v NYC Partnership Hous. Dev. Fund Co., Inc., 122 AD3d 445 [1st Dept 2014]).
Plaintiff, an employee of Everest's subcontractor, established Everest's liability as a contractor under Labor Law § 240(1), as Everest had the authority to control the activity bringing about the injury, notwithstanding that it did not actually do so. Everest failed to raise issues of fact about its authority (see Merino v Continental Towers Condominium, 159 AD3d 471 [1st Dept 2018]).
The Labor Law § 200 and common-law negligence claims should be dismissed against Everest, because the accident was caused by the means and methods of plaintiff's work, and Everest established that it did not exercise supervision or control over that work, as plaintiff was directed solely by his supervisor (see Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 176 AD3d 1, 16 [1st Dept 2019], mod on other grounds 34 NY3d 1166 [2020]).
Everest failed to establish prima facie its entitlement to summary judgment on its cross claim against Clarke for contractual indemnification, as it failed to authenticate the purported contract (see Clarke v American Truck & Trailer[*2], Inc., 171 AD3d 405, 406 [1st Dept 2019]). However, we decline Clarke's request to search the record and dismiss the cross claim.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020