Home Insulation & Supply, Inc. v Iskalo 5000 Main, LLC (2020 NY Slip Op 07775)





Home Insulation & Supply, Inc. v Iskalo 5000 Main, LLC


2020 NY Slip Op 07775


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


917 CA 19-01745

[*1]HOME INSULATION & SUPPLY, INC., PLAINTIFF-RESPONDENT,
v
ISKALO 5000 MAIN, LLC, DEFENDANT-APPELLANT. 






DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (JAMES W. GRESENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. LAVIN, P.C., BUFFALO (JOHN J. LAVIN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered September 6, 2019. The order denied defendant's motion seeking leave to reargue and renew the court's previous denial of an award of attorney's fees to defendant. 
It is hereby ORDERED that said appeal from the order insofar as it denied leave to reargue is unanimously dismissed and the order is affirmed without costs.
Memorandum: Defendant appeals from an order denying its motion for leave to reargue and renew that part of its motion for summary judgment seeking attorney's fees. No appeal lies from an order denying a motion seeking leave to reargue, and thus that part of defendant's appeal must be dismissed (see Matter of Rochester Genesee Regional Transp. Auth. v Stensrud, 162 AD3d 1495, 1495 [4th Dept 2018], lv dismissed 35 NY3d 950 [2020]; Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]). Supreme Court properly denied that part of defendant's motion seeking leave to renew. "It is well settled that a motion for leave to renew must be 'based upon new facts not offered on the prior motion that would change the prior determination,' and 'shall contain reasonable justification for the failure to present such facts on the prior motion' " (Heltz v Barratt, 115 AD3d 1298, 1299 [4th Dept 2014], affd 24 NY3d 1185 [2014]; see CPLR 2221 [e] [2], [3]; Blazynski v A. Gareleck & Sons, Inc., 48 AD3d 1168, 1170 [4th Dept 2008], lv denied 11 NY3d 825 [2008]). Here, the court denied that part of the motion for summary judgment seeking attorney's fees based on defendant's failure to provide documentation supporting an award of fees. Although defendant submitted itemized time records and billing information in support of its motion for leave to renew, defendant failed to provide a reasonable justification for its failure to submit those records in support of its request for attorney's fees in the motion for summary judgment (see Heltz, 115 AD3d at 1299-1300; Wright v State of New York, 156 AD3d 1413, 1414-1415 [4th Dept 2017], appeal dismissed 31 NY3d 1001 [2018]). "[A] motion for leave to renew 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (Heltz, 115 AD3d at 1300).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court