Ahn v Kyong Koo Kang (2021 NY Slip Op 01757)





Ahn v Kyong Koo Kang


2021 NY Slip Op 01757


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-12783
 (Index No. 700943/15)

[*1]Jae Duk Ahn, et al., respondents, 
v
Kyong Koo Kang, appellant, et al., defendants.


Paul W. Siegert, New York, NY, for appellant.
Blackstone Law Group LLP, New York, NY (Justin B. Perri, John D. Lovi, and Alexander J. Urbelis of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendant Kyong Koo Kang appeals from a judgment of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered April 10, 2018. The judgment, upon a jury verdict, is in favor of the plaintiffs and against that defendant in the principal sums of $390,000 for compensatory damages and $100,000 for exemplary damages.
ORDERED that the judgment is affirmed, with costs.
The plaintiffs entered into a contract with the defendant Kyong Koo Kang (hereinafter the defendant) to purchase the defendant's dry cleaning business. However, unbeknownst to the plaintiffs, the defendant had been engaging in fraudulent schemes to falsely increase the business's sales records so as to raise the purchase price of the business. The plaintiffs commenced this action against the defendant and others, inter alia, to recover damages for fraud. A jury returned a verdict in favor of the plaintiffs and against the defendant, and the Supreme Court entered a judgment in accordance with the jury verdict. The defendant appeals.
The Supreme Court did not err in failing to invoke the doctrine of in pari delicto. "The doctrine of in pari delicto mandates that the courts will not intercede to resolve a dispute between two wrongdoers" (Kirschner v KPMG LLP, 15 NY3d 446, 464; see Candlewood Holdings, Inc. v Valle, 134 AD3d 872, 874). "[A]pplication of the doctrine requires that the plaintiff be 'an active, voluntary participant in the unlawful activity that is the subject of the suit'" (BrandAid Mktg. Corp. v Biss, 462 F3d 216, 218 [2d Cir], quoting Pinter v Dahl, 486 US 622, 636). Here, the alleged wrongful acts on the part of the individual plaintiff are not subjects of the instant action.
The Supreme Court properly declined to instruct the jury with an adverse inference charge pursuant to PJI 1:77. "A party seeking an adverse inference charge against an opponent who has failed to produce a document must make a prima facie showing that the document in question actually exists, that it is under the opponent's control, and that there is no reasonable explanation for failing to produce it" (Jean-Pierre v Touro Coll., 40 AD3d 819, 820). Here, not only was the defendant's request for the adverse inference charge untimely, but the defendant also failed to make a prima facie showing that the documents in question actually existed and were under the plaintiffs' [*2]control.
The defendant's remaining contentions are without merit.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court